Filed 11/16/20  P. v. Toledo CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B299379 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA332015) |
| v. | |
| SARAH TOLEDO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jared D. Moses, Judge.  Affirmed.

Myra Sun, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In May 2009, Sarah Toledo (defendant) and two men, Gabriel Guerrero (Gabriel) and Daniel Guerrero (Daniel), were indicted by a grand jury for murder (Pen. Code,[1] § 187(a)) and conspiracy to commit murder (§ 182(a)(1)). In brief, the indictment alleged the charged offenses resulted from defendant's scheming with Gabriel and Daniel to retaliate for the beating of Gabriel and Daniel's brother. The indictment further alleged, as to both counts, that the crimes were committed: (1) for the benefit of, at the direction of, and in association with criminal conduct by gang members (§ 186.22(b)(1)(C)) and (2) a principal discharged a firearm causing the victim's death (§ 12022.53(d), (e)(1)).

A trial jury convicted defendant on both charged offenses and found the firearm and gang enhancements true. The trial court imposed an aggregate sentence of 50 years to life on the murder count and stayed an identical sentence on the conspiracy count. This court affirmed the judgment in 2013.[2] (*People v. Toledo* (Oct. 16, 2013, B238488) [nonpub. opn.].)

Years later, defendant filed a section 1170.95 petition for resentencing. The trial court denied the petition, concluding defendant was ineligible for relief because the jury that convicted her was not instructed on the felony murder or natural and probable consequences doctrines. The jury was instructed on direct aiding and abetting, however, and the trial court accordingly reasoned the jury must have concluded defendant aided and abetted the murder and shared the perpetrator's intent

---

[1]    Undesignated statutory references that follow are to the Penal Code.

[2]    This court agreed to judicially notice portions of the reporter's transcript from defendant's trial and our 2013 opinion.

2

to kill the victim.  The trial court further emphasized our prior opinion held there was substantial evidence that defendant was aware of and shared in the perpetrator's intent to kill.

After examining the record, defendant's attorney filed an opening brief raising no issues.  On March 3, 2020, we invited defendant to personally submit a supplemental brief.  Defendant ultimately submitted, through appointed counsel, a three-page supplemental brief that argues she is not ineligible for section 1170.95 relief as a matter of law because the prosecution discussed the natural and probable consequences doctrine during jury selection.  Although defendant acknowledges the jury was never actually instructed on natural and probable consequences liability, defendant suggests discussion of the doctrine during voir dire plus a question the jury asked during deliberations shows the jury was confused about the proper legal basis for murder (and conspiracy to commit murder) liability.

As read into the record by the trial court, the jury's question during deliberations was as follows:  "Concerning Count 1, conspiracy to commit murder, we want to clarify whether, one, the defendant had to have a specific intent to commit murder or, two, whether she only had to have a specific intent to assault someone from [a specific tagging crew], yet it turned out to be murder?  How does natural and probable cause [sic] relate to this law?"  In response, the prosecution asked the court to permit supplemental argument to allow the prosecution to argue guilt on a natural and probable consequences theory.  The trial court denied the prosecution's request because the prosecution "specifically chose not to proceed on that" theory after discussing natural and probable consequences during voir dire.  The trial court accordingly answered the jury's question as follows:  "Count

3

1 requires a specific intent to commit murder.  Natural and probable consequences does not apply to Count 1, conspiracy to commit murder."

The trial court's response to the jury's question, plus the absence of felony murder and natural and probable consequences instructions, leave no doubt that defendant's convictions were not predicated on a natural and probable consequences theory.  The jury's verdict under these circumstances indicates it must have found defendant shared the mental state of the perpetrator of the malice murder.  Defendant is therefore ineligible for section 1170.95 relief, as the trial court correctly found.

DISPOSITION

The order denying defendant's section 1170.95 petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.

KIM, J.